UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

NORTH TAMPA ANESTHESIA CONSULTANTS, P.A.,    Chapter 11
                                              CASE NO. 8:20-bk-02101-CPM

                                              Jointly Administered with:
HLPG NEWACO, LLC,                             CASE NO. 8:20-bk-02102-CPM

        Debtors.
_____/

**DEBTOR'S APPLICATION TO EMPLOY
THE JENNIS LAW FIRM AS SPECIAL COUNSEL**

North Tampa Anesthesia Consultants, P.A. (the "Debtor"), by counsel and pursuant to 11 U.S.C. §§ 105, 327(e), and 328 (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, hereby requests authorization to employ David Jennis, P.A. d/b/a the Jennis Law Firm ("Jennis Law") as special counsel to: (1) the Debtor and its current and/or former principals, Christopher Lombardi, M.D., Gabriel Perez, M.D., and Carlos Giammattei, M.D., in connection with the action styled *Babcock, et al. v. North Tampa Anesthesia Consultants, et al.*, Case No. 13-CA-011371, pending before the Thirteenth Judicial Circuit in and for Hillsborough County, Florida and any litigation related thereto (the "Babcock Litigation"), and (2) Dr. Lombardi and Dr. Perez, in their individual capacities, in connection with the litigation of any claims asserted by Fifth Third Bank National Association ("5/3"), including the actions styled *North Tampa Anesthesia Consultants, P.A., et al. v. Fifth Third Bank*, Adv. No. 8:20-ap-291-CPM, pending before the United States Bankruptcy Court for the Middle District of Florida, Tampa Division ("5/3 Adversary") and *Fifth Third Bank, National Association v. HLPG Newaco, LLC, North Tampa Anesthesia Consultants, P.A., Christopher J.*

*Lombardi, and Gabriel Perez*, Case No. 2020-CA-362, pending before the Ninth Judicial Circuit in and for Orange County, Florida ("5/3 Lawsuit", and together with the 5/3 Adversary, the "5/3 Litigation"). In support of this Application, the Debtor states as follows:

1. Pursuant to Section 327(e) of the Bankruptcy Code, the Debtor "with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." Three conditions must be met to be employed as special counsel. First, the appointment of special counsel must be in the best interest of the estate. *In re DeVlieg, Inc.*, 174 B.R. 497, 502 (N.D. Ill. 1994). Second, special counsel must not hold an interest adverse to the estate with respect to the matter for which he or she is employed. *Id.* at 5043 (citing *In re Hempstead*, 34 B.R. 624, 626 (Bankr. S.D. NY 1983)) (thus the standard is no adverse interest as opposed to "disinterestedness" required under Section 327(a)). Third, the special purpose for which counsel is appointed must not rise to the level of conducting the bankruptcy case for the debtor. *Id.* at 504 (citing *In re Tidewater Memorial Hosp.*, 110 B.R. 221, 227-28 (Bankr. E.D. Va. 1989)).

2. The determination of the best interests of the estate and whether or not an adverse interest is held by the proposed attorney is made on a case by case basis based on the circumstances presented in the record. *See, In re Mican Homes, Inc.*, 179 B.R. 886, 888 (Bankr. E.D. Mo. 1995). And, "any potential conflicts must be evaluated only with respect to the scope of [the Attorney's] proposed retention." *See In re AroChem Corp.,* 176 F.3d 610, 621 (2d Cir. 1999). Furthermore, under Section 328(a) of the Bankruptcy Code, the Debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327

2

or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer." 11 U.S.C. § 328(a).

3. Here, each of the three criteria considered in determining whether to authorize the employment of special counsel are present. First, it is in the best interest of the estate for the Debtor and its principals to be represented in the Babcock Litigation. As reflected by the claims' register, Mr. Babcock has filed a proof of claim, docketed as Claim No. 6, in the amount of $6,128,000.00. Among other actions, the Debtor disputes Babcock's claim and intends to object to Babcock's proof of claim and/or to seek to estimate Babcock's claim under Section 502(c) of the Bankruptcy Code. Jennis Law is the Debtor's current counsel of record in the Babcock Litigation and, for that reason, is best suited to perform the foregoing services for the bankruptcy estate. Second, as set forth in the Declaration of David Jennis, to be filed as a separate pleading, Jennis Law does not hold an interest adverse to the bankruptcy estate. Third, the employment of Jennis Law as special counsel does not rise to the level of conducting the bankruptcy case. The Debtor is already represented by the Johnson Pope law firm, which has been employed and is serving as the Debtor's general bankruptcy counsel. For these reasons, the Court should authorize the employment of Jennis Law as special counsel to the estate in connection with the Babcock Litigation.

4. Furthermore, to the extent necessary, Jennis Law seeks authority to serve as counsel to Dr. Lombardi, Dr. Perez, and Dr. Giammattei in the Babcock Litigation and to serve as Dr. Lombardi and Dr. Perez's personal counsel in the 5/3 Litigation. For the reasons set forth in the Verified Complaint for Injunctive Relief (5/3 Adversary, Doc. No. 1) filed in the 5/3 Adversary, the Debtor's ability to reorganize is dependent on the contributions of its principals, Dr. Lombardi and Dr. Perez. To the extent that Dr. Lombardi and Dr. Perez are not competently

represented in the Babcock Litigation and/or the 5/3 Litigation, the Debtor's operations could, and likely would, be seriously undermined. Consequently, it is in the best interest of the estate for Jennis Law to serve as counsel to Dr. Lombardi, Dr. Perez, and Dr. Giammattei in the Babcock Litigation and to Dr. Lombardi and Dr. Perez in the 5/3 Litigation. As set forth in the attached Declaration of David Jennis, Jennis Law does not believe that its representation of Dr. Lombardi, Dr. Perez, and Dr. Giammattei in the Babcock Litigation and/or Dr. Lombardi and Dr. Perez in the 5/3 Litigation is in any way adverse to the bankruptcy estate. Finally, as stated above, Jennis Law's representation of Dr. Lombardi, Dr. Perez, and Dr. Giammattei does not constitute a general representation of the Debtor in this bankruptcy case. Therefore, the Court should further approve Jennis Law's representation of Dr. Lombardi, Dr. Perez, and Dr. Giammattei in the Babcock Litigation and Dr. Lombardi and Dr. Perez in the 5/3 Litigation.

5.  Jennis Law has agreed to represent the Debtor in the Babcock Litigation and 5/3 Litigation for compensation in an amount to be approved by the Court under Sections 331 and 330 of the Bankruptcy Code. Because the majority of the services that will be performed by Jennis Law in the Babcock Litigation and 5/3 Litigation will be for the benefit of the Debtor, Jennis Law requests authority to have its invoices paid by the Debtor on a monthly basis under Section 331 of the Bankruptcy Code, on a pre-confirmation basis, and/or pursuant to the Debtor's confirmed plan of reorganization, on a post-confirmation basis. As disclosed in the Declaration of David S. Jennis filed in support of this application pursuant, Jennis Law was paid a $5,000 pre-petition retainer to serve as counsel in the Babcock Litigation. Jennis Law requests authorization to be paid an additional $5,000 post-petition retainer to serve as Dr. Lombardi and Dr. Perez's personal counsel in the 5/3 Litigation. Jennis Law intends to apply its retainer(s), as permitted under Local Rule 2016-1(b), to its monthly statements for services rendered and costs

incurred after the Petition Date. Jennis Law's current hourly rates range from $120.00-$160.00 for paralegals to $250.00-$475.00 for attorneys. The Debtor, subject to Court approval, has agreed to pay such fees and related costs incurred by Jennis Law and believes these rates are reasonable.

WHEREFORE, for the foregoing reasons the Debtor respectfully requests an order **(i)** approving the Application, **(ii)** authorizing the retention and employment of Jennis Law as special counsel to the Debtor for the purpose of performing services described herein, **(iii)** authorizing the retainer(s) and interim compensation on a monthly basis, and, **(iv)** granting such further relief as to the Court deems appropriate.

Dated: June 3, 2020.

JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP

/s/ Angelina E. Lim
Angelina E. Lim (FBN 158313)
401 E. Jackson Street
Tampa, FL  33602
Telephone:    813-225-2500
Facsimile:    813-223-7118
Email:  AngelinaL@jpfirm.com
Attorneys for the Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF to the **Office of the United States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602 and to those parties who receive electronic service in the ordinary course of business on this 3rd day of June 2020.

/s/ Angelina E. Lim
Angelina E. Lim

6284984_1