ORDERED.

Dated:  March 05, 2021

*Catherine M. Ewen*
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

NORTH TAMPA ANESTHESIA
CONSULTANTS, P.A.,

HLPG NEWACO, LLC,

Debtors.
_____/

Chapter 11
CASE NO. 8:20-bk-02101-CPM

Jointly Administered with:
CASE NO. 8:20-bk-02102-CPM

**ORDER CONFIRMING THE DEBTORS' JOINT AMENDED SUBCHAPTER
V PLAN FOR REORGANIZATION DATED DECEMBER 14, 2020**
(Doc. Nos. 190, 192, 202 and 208)

These cases came before the Court on January 19, 2021 ("Hearing"), to consider confirmation of the Debtors' Joint Amended Subchapter V Plan of Reorganization dated December 14, 2020 (and collectively with the Supplement, the "Plan")[1] (Doc. No. 190), their Plan Supplement ("the "Supplement") (Doc. No. 208), the Objection to Debtors' Amended Joint Plan (Doc. No. 202) ("Objection to Confirmation") filed by Scott Babcock and David Montney, Jr. individually and as class representatives ("Class Action Claimants"), and the Debtors' Motion for Cramdown (Doc. No. 192) ("Motion for Cramdown").

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Plan.

In connection with the confirmation of the Plan, the Court has considered the evidence presented at the Hearing as well as the preliminary hearing on confirmation of the Plan held on December 17, 2020 as well as the record of this case, including: (1) the Confirmation Declaration of Kevin E. Riggs, accountant and financial consultant to the Debtors (Doc. No. 192, Exhibit A); (2) the Confirmation Declaration of Dr. Gabriel Perez, principal of the Debtors (Doc. No. 192, Exhibit B); (3) the Supplemental authority filed by the Class Action Claimants; (4) the Memorandum of Law in Support of Confirmation (Doc. No. 209) and (5) the Ballot Tabulation (Doc. No. 193).  At the Hearing, North Tampa Anesthesia Consultants, P.A.'s ("NTAC") and HLPG Newaco, LLC's ("HLPG," collectively with the NTAC, the "Debtors") counsel announced that certain non-substantive Plan modifications not otherwise included in their Supplement would be included in this Order:

1.  Section 4.01 as it relates to payments to Fifth Third Bank, National Association ("Fifth Third") set forth in Exhibits C & D, the following shall clarify the allocation of each of these payments:

> For each payment, 50.00% of the payment shall be applied to the principal balance of the HLPG Note (as defined by the Plan), with the remaining 50.00% being applied to the principal balance of the Revolver (as defined by the Plan). If the principal balance of either the HLPG Note or the Revolver has been paid in full, the payment should be applied to the principal balance of the other debt.  If the principal balance of both notes has been paid in full, then the payment shall be applied equally (50:50) under both notes first to the accrued and unpaid interest, then to all other fees and charges (including attorney fees and expenses).  If any of the notes are paid in full, then each payment shall be applied first to accrued and unpaid interest and then to all other fees and charges (including attorney fees and expenses) due under the remaining note.

2.  As of the dates listed below, and pursuant to Section 4.01, the agreed-upon balances for Fifth Third's outstanding Loans and Fifth Third's Claims are as follows:

| HLPG NOTE (as of 2/18/21) ||
| --- | --- |
| **ITEM** | **AMOUNT** |
| Principal | $199,822.71 |
| Interest (per diem at current rate $43.02) | $23,874.82 |
| Pre-Petition Late Fees | $10,057.81 |
| **TOTAL**: | $233,755.34 |

| REVOLVER (as of 2/18/21) ||
| --- | --- |
| **ITEM** | **AMOUNT** |
| Principal | $698,000.00 |
| Interest (per diem at current rate $124.86) | $74,709.03 |
| **TOTAL**: | $772,709.03 |

In addition, Fifth Third's accrued legal fees and cost total $88,693.88 as of January 31, 2021, owed jointly and severally, by the Debtors and the Principals (as defined under the Plan). These amounts continue to accrue and shall be paid in full as part of the Plan. The Debtors and Principals (as defined under the Plan) agree that the $43,000.00 will be paid towards the attorney fees and expenses, but otherwise payment of the attorney fees and expenses will be made pursuant to the Plan. Fifth Third has provided wire instructions to Debtors' accountant to make this payment on the Effective Date.

3. Within a reasonable amount of time after the entry of this Order, the Debtors shall enter into a Deposit Account Control Agreement and other documents necessary to secure the Debtors' deposit accounts and the monies contained therein held at any other financial institution other than Fifth Third. The forgoing documents shall be in form and substance satisfactory to Fifth Third, the Debtors and the Debtors' post-petition bank. Until such time as the Deposit Account Control Agreement and any other necessary documents are executed, Fifth Third shall continue to have a valid and perfected first-priority security interest in the Debtors' deposit accounts and monies contained therein without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law.

4. All payments owed under the Plan to Fifth Third shall be made via ACH (*i.e.*, Automated Clearing House). Within a reasonable time after entry of this Confirmation Order, Fifth Third and the Debtors shall execute any necessary documents and/or agreements to set up the ACH transfer.

5. Section 4.01 as it relates to payments for Class 3, specifically as to Claim No. 6, is clarified that the payments relating to it, if and when it becomes an Allowed Claim shall comply with applicable IRS statutes.

The Court having considered the Debtors' Motion for Cramdown, arguments, statements and proffers made by the Debtors' and Class Action Claimants' counsel at the Hearing and being otherwise duly advised on the premises the Court finds that the Debtors' Plan of should be confirmed and the Objection to Confirmation overruled. For the reasons stated orally and recorded in open Court that shall constitute the decision of this Court, the Court finds and concludes as follows:

## FINDINGS OF FACTS & CONCLUSIONS OF LAW

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[2] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B. **Venue**. Venue before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan, Plan Supplement and the order setting a hearing on confirmation and the Debtors' Motion for Cramdown (Doc. Nos. 198

---

[2] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

and 200) were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

        D.      **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

        E.      **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

        F.      **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

        G.      **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Article 7 of the Plan provides adequate means for the Plan's implementation.

        H.      **Non-Voting Equity Securities/Allocation of Voting Power – 11 U.S.C. § 1123(a)(6)**. This Plan does not intend to change the structure of its corporate governance to include different classes of shares or non-voting shares.

I. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

J. **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**. Article 6 of the Plan, pursuant to § 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtors not previously rejected under such section.

K. **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

L. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the plan is proper and not for the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

M. **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Debtors timely complied (Doc. No. 125).

N. **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtors to make payments under the proposed plan.

O. **Satisfaction of Conditions – 11 U.S.C. § 1191(b)**. The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129 and 1191(b) as the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under the Plan.  Pursuant to § 1191(c)(3)(B), and in addition to anything stated in the Plan, upon

a default under the Plan, the State Court Settlement Agreement (as defined under the Plan), or the Loan Documents (as defined under the Plan), Fifth Third is entitled to exercise any and all rights and remedies under the terms of the Loan Documents (as defined under the Plan), the State Court Settlement Agreement (as defined under the Plan), the Plan, at law, and/or in equity, including, without limitation, the collection and liquidation of its collateral, without further order of this Court, and free from the automatic stay and any other bar / injunction that may otherwise prevent Fifth Third from exercising its rights and remedies so long as Fifth Third complies with the default notice provisions (as defined under the Plan) and no cure is timely made by the Debtors (as defined under the Plan). Under § 1191(b), Sections 1129(a)(8) and 1129(a)(10) do not apply in this case since the Debtors are Subchapter V Debtors. With respect to the relevant provisions of § 1129(a), the Court finds and concludes as follows:

1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtors, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtors and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and

the Plan proponent has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

5. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of this title on such date.

6. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the Effective Date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

7. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor to the Debtors under the Plan, unless such liquidation or reorganization is proposed in the Plan.

8. **11 U.S.C. § 1129(a)(16)**. All transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

Accordingly, the Court **ORDERS**:

1. **Confirmation**. The Debtors' Motion for Cramdown is GRANTED and the Debtors' Plan is hereby CONFIRMED under 11 U.S.C. § 1191(b). The Objection is hereby OVERRULED. The Debtors are hereby substantively consolidated for Plan purposes.

2. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan and this Confirmation Order bind the Debtors, any creditor, or party in interest, including any successor in interest to any of them, whether or not the claim, interest or demand of such creditor, or party in interest is impaired under the Plan and whether or not such creditor, or party in interest has accepted the Plan or objected to the Plan.

3. **Re-vesting of Property**. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtors, subject to any liens, claims, encumbrances, and security interests of Fifth Third. Except as provided in §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Confirmation Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors. Notwithstanding anything stated herein or in the Plan to the contrary, all property of the estate shall continue to be subject to Fifth Third's liens, claims, encumbrances, and security interests.

4. **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtors may operate their businesses and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. To the extent not inconsistent with Section 8.07 of the Plan, the Debtors are authorized to enter into any corporate transactions deemed necessary to facilitate

the terms of this Order, including the issuance or re-issuance of shares in the Reorganized Debtor and/or modification of the Reorganized Debtor's corporate existence, provided that such transactions are not prohibited under Title XXXVI of the Florida Statutes. The Debtors are entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtors may also settle or compromise any claims without Court approval.

5. **Injunction and Discharge**. Upon completion by the Debtors of all payments due under the Plan, unless the Court approves a written waiver of discharge executed by the Debtors after the order for relief, the Court shall grant the Debtors a discharge of all debts provided in § 1141(d)(1)(A), and all other debts allowed under § 503 and provided for in the Plan, except any debt on which the last payment is due after the first three (3) years of the Plan, or such other time not to exceed five (5) years fixed by the Court. Notwithstanding anything stated herein or in the Plan to the contrary, the obligations and amounts owing to Fifth Third under the Plan and/or the Loan Documents (as defined by the Plan) shall not be discharged until such amounts and obligations are satisfied and paid in full, or unless otherwise agreed to by the parties in writing.

6. **Disbursing Agent**. The Debtors are named as Disbursing Agent and must make all payments to holders of allowed claims as required by the Plan unless the payments are for Disputed Claims – in which case, the payments shall be governed under Article 5 of the Plan and the payments sent to Erik Johanson PLLC to be held in escrow until such Disputed Claims become Allowed Claims to be disbursed by the Debtors or its designated agent. To the extent that the Debtors determine that it is necessary to retain a third-party claims administrator to facilitate payments to any holders of Allowed Claims under the Plan and/or to comply with applicable non-bankruptcy laws and IRS regulations, the Debtors shall be authorized to retain and compensate

such third-party claims administrator without further Court approval.  In such event, Erik Johanson PLLC's duties as escrow agent shall be satisfied upon disbursement of the funds in its possession to the third-party claims administrator so designated by the Debtors.

7. **United States Trustee Guidelines**.  The Debtors must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, including the filing of post-confirmation quarterly reports.

8. **Effect of Confirmation Order on Plan**.  The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan.  To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

9. **Executory Contracts and Leases**.  Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed under Article 6 and the Plan Supplement are deemed rejected as of the Effective Date.

10. **Service of Confirmation Order**.  Angelina E. Lim. is directed to serve a copy of this Order on all parties and file a certificate of service within give (5) days of the entry of this Order.

11. **Documents Required to Effectuate Plan**.  The Debtors are authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court, and shall be deemed to have done so upon the Effective Date of the Plan without the need for further action by the Debtors.

12. **Discharge of the Subchapter V Trustee**.  The Plan was confirmed non-consensually pursuant to 11 U.S.C. § 1191(b).  However, pursuant to 11 U.S.C. § 1194(b) and the Plan, the Debtors, not the Subchapter V Trustee, shall make all payments to creditors under the Plan.  The service of the Subchapter V Trustee in this case shall terminate and the Subchapter V Trustee, shall be discharged when all payments under the Plan have been made and the Court has entered an order approving the final decree and discharging the Subchapter V Trustee.

13. **Jurisdiction**.  The Bankruptcy Court retains jurisdiction to:

    a.    Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtors seeks to amend or modify the plan;

    b.    Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

    c.    Adjudicate objections to claims;

    d.    Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

    e.    Adjudicate modifications of the plan under 11 U.S.C. § 1193;

    f.    Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

    g.    Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

14. **Final Fee Applications**.  Debtors' counsel, special counsel, and the Subchapter V Trustee shall each file final fee applications within thirty (30) days from the date of this Order.

15. **Deadlines to File Objection to Claims**.  All objections to claims shall be filed no later than thirty (30) days from the date of this Order.

16. **Post-confirmation Status Conference**.  The Court shall conduct a post-confirmation Status Conference on **March 30, 2021 at 10:30 A.M.**

17. **Service of Confirmation Order**. The Debtors will serve a copy of this confirmation order on all creditors set forth on the Court's mailing matrices for these cases; counsel for the Debtors shall then file a certificate of service in accordance with Local Bankruptcy Rule 3020-1.

> Attorney, Angelina E. Lim, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three (3) days of entry of this order.

6836499_1